Filed 12/16/25  P. v. Wekerle CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085092 |
| Plaintiff and Respondent, | |
| v. | |
| STEVEN ANTHONY WEKERLE, | (Super. Ct. No. RIF2204240) |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, Gail A. O'Rane, Judge.  Reversed and remanded for resentencing.

Bruce Kotler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene Sevidal, Acting Assistant Attorney General, A. Natasha Cortina and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

Steven Anthony Wekerle appeals from a judgment resentencing him following the issuance of our opinion in *People v. Wekerle* (Apr. 22, 2024, D083429, [nonpub. opn.]) (*Wekerle*).  Wekerle contends, and the People concede, that the trial court prejudicially erred by conducting the

1

resentencing hearing in his absence. As explained below, we agree and reverse the judgment and remand for a new resentencing hearing.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

A jury convicted Wekerle on four counts, including grand theft from a person (Pen. Code,[2] § 487, subd. (c), count 5). The trial court imposed a total term of 11 years, four months, including an eight-month consecutive term for count 5.

On appeal, we modified Wekerle's conviction on count 5 by reducing it to a misdemeanor petty theft offense, affirmed the remainder of the judgment, and then remanded the matter for resentencing. (*Wekerle, supra*, D083429.)

At a July 16, 2024 hearing regarding resentencing, Wekerle's counsel informed the court that Wekerle had requested that he be present at any and all hearings. She stated that she had "pass[ed] up three transportation orders [for Wekerle]" and asked the court to allow him to be present and continue the resentencing hearing until September 9. The court replied, "He doesn't have a right to be present because I'm not increasing his time at all. I don't know why I couldn't just sentence him on the misdemeanor to concurrent time, and then we're done." The court further stated, "I just don't know that he necessarily has a right because the sentence is not being changed in any significant way. It's actually going to be less time presuming that that count was run consecutive. But if you want me to sign it and order him here, I will." Wekerle's counsel replied, "I know he will want to be here. Otherwise, he'll send letters." The court then continued the hearing until

---

1    For additional factual and procedural background, including descriptions of the underlying offenses, see our opinion in *Wekerle*.

2    All statutory references are to the Penal Code.

September 9 and indicated that it would sign the submitted transportation orders for Wekerle's appearance at that continued hearing. The court stated that Wekerle would not be entitled "to any additional resentencing" other than on count 5, which was now a misdemeanor. The court thereafter issued a transportation order for Wekerle's appearance.

At the continued resentencing hearing on September 9, Wekerle was not present and was represented by different counsel who was making a special appearance for his defense counsel. That counsel stated that she was "appearing [section] 977 for Mr. Wekerle, who was not transported from Folsom State Prison." She further stated that Wekerle's counsel was "submitting on the [remittitur]. She's waiving [Wekerle's] presence. People were reducing Count five from grand theft to petty theft and credit for time served . . . . New sentence would be ten years, eight months." The court informed her that on appeal we had previously modified Wekerle's count 5 conviction to only petty theft (presumably referring to *Wekerle*). The court then imposed a new sentence, giving Wekerle credit for time served (i.e., 436 days of credit) on count 5 and leaving the remainder of its previous sentence unchanged, for a total term of 10 years, eight months.

## DISCUSSION

*Court Erred by Resentencing Wekerle in His Absence*

Wekerle contends, and the People concede, that the trial court prejudicially erred by resentencing him in his absence because he had the constitutional right to be present at the hearing and did not waive that right.

3

## A

After part of a sentence is stricken on appeal, the trial court must resentence the defendant on the entire sentence and not just its infirm part and that a resentencing hearing is a critical stage of the criminal proceedings against the defendant. (*People v. Buycks* (2018) 5 Cal.5th 857, 893; *People v. Navarro* (2007) 40 Cal.4th 668, 681; *People v. Cutting* (2019) 42 Cal.App.5th 344, 347–348 (*Cutting*).) Accordingly, a defendant has the constitutional right to be present at a resentencing hearing. (U.S. Const., 6th & 14th Amends.; Cal. Const., art. I, § 15; *Cutting*, at pp. 347–348; *People v. Quan* (2023) 96 Cal.App.5th 524, 532–534 (*Quan*).) A defendant can waive that right if the waiver is voluntary, knowing, and intelligent. (*Quan,* at pp. 534–535; *People v. Basler* (2022) 80 Cal.App.5th 46, 57.)

## B

As the parties note, the record does not show that Wekerle waived his right to be present at his resentencing hearing. Although the counsel making a special appearance at the September 9, 2024, resentencing hearing represented that she was "appearing [section] 977 for Mr. Wekerle, who was not transported from Folsom State Prison," that representation did not show that Wekerle had made a voluntary, knowing, and intelligent waiver of his right to be present at the resentencing hearing. Section 977 provides that in all cases in which a felony is charged, the defendant has the right to be physically or remotely present at the time of sentencing unless he or she waives that right. (§ 977, subd. (b)(1).) The defendant's waiver of that right may be in writing and filed with the court or, with the court's consent, may be entered personally by the defendant or defendant's counsel of record. (§ 977, subd. (b)(2).) However, if that waiver is entered by defendant's counsel of

4

record, counsel must state on the record, among other things, "that the defendant has been advised of the right to be physically or remotely present for the hearing at issue [and] has waived that right . . . ."  (§ 977, subd. (b)(2)(B).)  Because the record in this case does not show that counsel who specially appeared for Wekerly's counsel of record complied with section 977, subdivision (b)(2)(B)'s requirements and does not otherwise show that Wekerle voluntarily, knowingly, and intelligently waived his right to be present at the resentencing hearing, the trial court erred by resentencing him in his absence.  (§ 977, subd. (b)(2)(B); *Cutting, supra*, 42 Cal.App.5th at p. 348; cf. *Quan, supra*, 96 Cal.App.5th at p. 535.)

C

Wekerle further argues, and the People concede, that the trial court's error in resentencing him in his absence was prejudicial under the standard for federal constitutional error as set forth in *Chapman v. California* (1967) 386 U.S. 18, 23.  Under that standard, the People bear the burden on appeal to show beyond a reasonable doubt that the error did not affect the outcome of the proceeding and was therefore harmless error.  (*Ibid.*; *Cutting, supra*, 42 Cal.App.5th at pp. 348–349.)  Because Wekerle's handwritten notice of appeal asserts that there was evidence showing his victim had a preexisting brain injury that was not previously considered as a possible mitigating circumstance, it is possible that the outcome of his resentencing may have been more favorable to him had he been present at this resentencing hearing.  (Cf. *Cutting,* at p. 350.)  Furthermore, there may have been other mitigating or changed circumstances raised by Wekerle had he been present at the resentencing hearing.  (*Ibid.*)  Finally, the People concede that the court's error was prejudicial under the *Chapman* standard.  Accordingly, we conclude that the People have not shown beyond a reasonable doubt that the

5

court's error was harmless. Because the error was prejudicial, the sentence imposed by the trial court at the September 9, 2024, resentencing hearing must be reversed and the matter remanded for a full resentencing hearing at which Wekerle has the right to be present.

DISPOSITION

The September 9, 2024, judgment is reversed and the matter is remanded for resentencing consistent with this opinion.


McCONNELL, P. J.

WE CONCUR:


CASTILLO, J.


RUBIN, J.

6